MITCHELL<br>*v.*<br>LAY.

## THE STATE *v.* WOOTEN.

Where a bond entered into by a prisoner and his sureties, under the stat. of 11 March, 1837, s. 1, for the appearance of the principal at a term of court, does not describe the offence committed, nor that for which the party is bound to answer, the condition being merely for his appearance at a term of court and remaining there until discharged, no judgment can be rendered against the parties to the bond.

APPEAL from the District Court of Morehouse, *Copley*, J. *Sharp*, district attorney, for the State. *Dubose*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by the defendant from a judgment of the Twelfth District Court, sitting in the parish of Morehouse, rendered on motion, under the act of 1837, on a bond entered into by the defendant and his sureties, for the appearance of the former at a term of said court next ensuing after the execution of the bond.

The act under which these proceedings have been conducted, places bonds and recognizances upon the same footing; and this court has more than once held that, there are certain forms to be observed in both which are essential to recovery on them under the law,

The bond is without any endorsement of filing in court, or return from the magistrate or officer, or any note or word of the manner in which it is taken. It is executed in favor of the Governor of the State and his successors in office. It does not describe the offence committed, nor that for which the party is bound to answer, the condition being merely for his appearance at the next term of the court, and remaining there until discharged.

In the case of the *Commonwealth* v. *Daggett*, 11 Mass. 447, it was held essential to a recognizance for the appearance of a party to answer a criminal charge, that the recognizance contain the cause of taking it; and, in the case of the *State* v. *Jones*, 3 An. 9, it was held that, no judgment could be rendered under this act on a bond, in which the charge recited did not constitute an offence against the laws. See also the *State* v. *Cooper*, 3 An. 225.

The motion to dismiss this appeal we do not think tenable.

It is, therefore, decreed that, the judgment appealed from be reversed. and that the State take nothing by its motion.

## DAWSON *v.* HEADEN.

A plaintiff in a possessory action, who does not claim either as owner, or with the consent of the owner, must show that he was in actual possession of the land claimed when the eviction complained of occurred.

DAWSON
v.
HEADEN.

APPEAL from the District Court of Morehouse, *Copely*, J. *Dubose*, for the plaintiff. *Robertson* and *Boatner*, for the appellant. The judgment of the court was pronounced by

ROST, J. This is a possessory action, in which the plaintiff alleges that he has been evicted by force. He applied for, and obtained, an order of the district court enjoining the defendant not to proceed any farther upon his property, by working or making any improvements thereon, till the further order of the court.

The answer of the defendant is a general denial, and an allegation that he has never done any work, nor improved upon any land, except that of which he is the lawful possessor to the knowledge of the plaintiff. The case was tried before a jury, who returned a verdict in favor of the plaintiff; and the defendant has appealed from the judgment rendered thereon.

It is not pretended that the plaintiff possesses under a title, either as owner, or with the consent of the owner; he must, therefore, show that, he was in actual possession of the land he claims when the violence and eviction complained of are alleged to have taken place.

The evidence shows that, in 1845, the plaintiff settled at the place where he now resides, built a cabin, and enclosed a small field. This settlement was near a spring branch, on the other side of which the defendant then lived, and had also enclosed a few acres of land. The land in controversy is that through which the branch runs, and is situated between the two enclosures. It appears that, the defendant commenced making a fence, for the purpose of enclosing a portion of this land. The plaintiff having discovered this on a sunday morning, took a portion of the rails off the fence around this lot, and laid the worm of a fence crossing the branch and passing over part of the land which the defendant intended to occupy. On the same day, the defendant continued to lay down his fence, crossing the worm of the plaintiff at the gaps which had been left where it crossed the branch. On monday following, the sheriff served the process in this suit. The line of fence laid by the plaintiff had then large gaps, and went over logs and brush; and, in order to make a fence, it would have been necessary to take up the rails and lay them down again. This line of fence, besides, stopped, and did not enclose any thing.

The plaintiff has totally failed to prove the fact of posseseion, and the disturbance of which he complains. Neither he, nor the defendant, had then acquired to the land in controversy any right upon which the judgment of the court can be based.

It is, therefore, ordered that, the judgment in this case be reversed; it is further ordered that, the injunction sued out by the plaintiff be dissolved, and that the plaintiff's action be dismissed, with costs in both courts.